IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ANTHONY L. PIERCE, #1813502 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:16cv1105 |
| BRAD LIVINGSTON, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Anthony L. Pierce, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #22) concluding that the lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Pierce has filed objections (Dkt. #23).

The present lawsuit is just one of many complaints recently received by the court focusing on the Thirteenth Amendment. Mr. Pierce complains that inmates are force to work without compensation. He argues that making inmates work without compensation amounts to slavery, in violation of the Thirteenth Amendment. Section 1 of the Thirteenth Amendment states the following:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

The Fifth Circuit has repeatedly rejected lawsuits based on the Thirteenth Amendment where inmates complained they were not paid or compensated for their work product. *Ali v. Johnson*,

1

259 F.3d 317, 318 (5th Cir. 2001) ("[I]nmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work."); *Wendt v. Lynaugh*, 841 F.2d 619, 620 (5th Cir. 1988); *Walker v. Director Texas Department of Criminal Justice*, 177 F. App'x 426 (5th Cir. 2006). The Court observed that the Thirteenth Amendment specifically excepts "punishment for crime whereof the party shall have been duly convicted." *Wendt*, 841 F.2d at 620.

Mr. Pierce's objections primarily focus on Magistrate Judge Mitchell's discussion about whether he has an expectancy of release and a protected liberty interest in good time/work time. "'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Hillard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (citation omitted). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2014 (1979). Under the Constitution, a prison system is entitled to incarcerate an inmate the entire length of his sentence. A State may, however, establish a parole system. *Id.* An inmate may have a due process right in good time and an expectancy of early release depending upon the wording of a state statute. *Id.* at 11-12, 99 S. Ct. at 2106. Texas law, however, does not create an entitlement to release on parole. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854, 102 S. Ct. 299 (1981). Mr. Pierce does not have a protected liberty interest in parole. His argument in his objections that he has an entitlement to parole is contrary to clearly established Fifth Circuit law.

By comparison, Texas' mandatory supervision law may create some "expectancy of release" depending upon the circumstances surrounding an inmate's conviction, thereby providing a protected liberty interest. *Boss v. Quarterman*, 552 F.3d 425, 427 (5th Cir. 2008). Thus, the initial question for the Court's consideration is whether Mr. Pierce is eligible for release on mandatory supervision. As was noted in the Report and Recommendation, Mr. Pierce is in custody pursuant to a conviction for capital murder. He acknowledges that he has a life sentence. He is ineligible for release on mandatory supervision because of his life sentence. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). Because he is not eligible for release on mandatory supervision, Mr. Pierce does not have a protected liberty interest in good conduct time or work time associated with mandatory supervision. *Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013). Under the circumstances of his conviction, Mr. Pierce does not have a basis for a lawsuit regarding a protected liberty interest in release from prison or good time or work time.

Mr. Pierce also alleges in his complaint and objections that his rights under the Ex Post Facto Clause have been violated. In particular, the Parole Board's retrospective use of new laws to increase the time between reviews for parole (set-offs) allegedly violate the Ex Post Facto Clause. The Fifth Circuit has rejected such arguments. *Olstad v. Collier*, 326 F. App'x 261, 263-64 (5th Cir. 2009). Plaintiff's *ex post facto* claims, along with his objections, are frivolous.

Mr. Pierce also refers to Subsection Three of his original complaint, which renews his complaint about inmates not being paid wages for labor/services. He notes that Texas recognizes the need to pay prisoners for some types of labor/services associated with the Federal Prison Programs Act and codified in Tex. Gov't Code § 497.004. Magistrate Judge Mitchell correctly

3

observed, however, that the statute merely provides for the possibility of inmates being paid, but it did not create an entitlement to being paid. Mr. Pierce attempts to link good time/work time as a substitute for actual payment, but he does not have a constitutionally protected interest in being paid wages or receiving good time or work time. He does not have a basis for a meritorious lawsuit in federal court due to the lack of a constitutionally protected interest. The lawsuit is frivolous.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Pierce to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Pierce's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 16th day of April, 2017.**

_____
Ron Clark, United States District Judge